**UNITED STATES, Plaintiff,**

v.

**William J. GREEN, Defendant.**

**Case No. 11cr0938 JM.**

United States District Court,
S.D. California.

April 25, 2012.

U.S. Attorney CR, U.S. Attorneys Office, Southern District of California, San Diego, CA, for Plaintiff.

Oliver P. Cleary, Law Office of Oliver P. Cleary, San Diego, CA, for Defendant.

### ORDER GRANTING MOTION TO QUASH RULE 17 SUBPOENA

JEFFREY T. MILLER, District Judge.

Non-party AOL Inc. ("AOL") moves to quash a subpoena duces tecum issued by Defendant William J. Green. Defendant opposes the motion to quash; and the Government filed a response to the motion to quash indicating, by and large, that it defers to AOL's arguments on the motion. For the reasons set forth below, the court grants the motion to quash.[1]

1. Timothy A. Scott, Esq., of the Law Office of Timothy A. Scott appeared on behalf of De-

## BACKGROUND

### The Information

The operative March 10, 2011 Information charges Defendant with a one count violation of 18 U.S.C. § 2252(a)(2), Receipt of Images of Minors Engaged In Sexually Explicit Conduct.[2] The Information alleges that on or about October 6, 2010 Defendant received digital images by means of interstate commerce depicting minors engaged in sexually explicit conduct. (Ct. Dkt. 13). The Information superseded the original Complaint filed on February 2, 2011.

The affidavit of Officer Ramirez, in support of a search warrant issued for Defendant's residence, indicated that, on October 5, 2010, she received a CyberTip report from the National Center for Missing and Exploited Children ("NCMEC")[3]. (Oppo. Exh. A). Among other things, Agent Ramirez reviewed the digital image provided by NCMEC depicting a minor engaged in explicit sexual conduct.

On January 14, 2010, AOL reported to NCMEC, pursuant to the mandatory reporting requirements of 18 U.S.C. § 2258A, that it had detected the transmission of child pornography images by a subscriber using the e-mail address *willjgreen@aol.com*. Upon receipt of this information, NCMEC, under the same federal mandate, communicated the information to the San Diego "Internet Crimes Against Children" task force. Based upon this information, the San Diego task force issued an administrative subpoena to the Internet Service Provider, Cox Communi-

cations, to provide the address of Defendant's apartment.

Based upon the image provided by AOL and an anonymous tip that Defendant had shown child pornography to an anonymous informant, a search warrant was obtained for Defendant's apartment. A search of Defendant's apartment revealed additional images of child pornography.

### The Subpoena Duces Tecum

On January 30, 2012, Defendant requested leave of court to issue the subpoena duces tecum at issue here. The court denied the request, noting that leave of court was not a prerequisite to issuing a Rule 17(c) subpoena duces tecum. (Ct. Dkt. 64). On March 26, 2012 Defendant served AOL with a subpoena requesting the following seven categories of documents and electronically sorted information:

1. Records reflecting the number of times that AOL has referred suspected child pornography to the National Center for Missing and Exploited Children ("NCMEC") during the period January 1, 2010 to present.

2. Records—from January 1, 2008 to present—relating to AOL's coordination, partnership, or agreement with NCMEC, or any government agency, regarding the detection or reporting of child pornography.

3. Records—from January 1, 2010 to present—reflecting the training of AOL personnel by NCMEC, or any government agency, regarding the

---

fendant, Leslie M. Werlin, Esq., of McGuire Wood LLP on behalf of AOL, and Matthew J. Gardner on behalf of the United States.

**2.** On March 10, 2011, Defendant filed a written waiver of indictment. (Ct. Dkt. 14).

**3.** NCMEC, created by Congress in 1984, operates a national missing children's hotline and serves as the nations's central clearinghouse for information on missing and exploited children. NCMEC is a federally funded 501(c)(3) nonprofit organization that assists law enforcement in the location and protection of children.

detection or reporting of child pornography.

4. Records—from January 1, 2010 to present reflecting how AOL policies are designed to comply with federal laws and regulations related to the detection or reporting of child pornography.

5. Records—from January 1, 2008 to present—reflecting AOL policies or methodologies for the detection of child pornography.

6. Records of any user agreement regarding the terms of use of AOL's services by William J. Green. (Date of birth: 1/20/1948. Username: *willjgreen@aol.com* ).

7. Records relating to a report of possible child pornography being forwarded to NCMEC, by AOL, regarding the user account, *willjgreen@aol.com.*

## DISCUSSION

■ Federal Rule of Criminal Procedure Rule 17(c) is not intended to provide a means of discovery for criminal defendants. To obtain Rule 17 discovery, Defendant must show

(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production . . . ; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

**4.** Defendant argues that regulatory mandates on private actors may be "clear indices of the government's encouragement, endorsement, and participation, and suffice to implicate the Fourth Amendment." *Skinner v. Railway Labor Executives' Ass'n,* 489 U.S. 602, 616, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989). Because the regulatory scheme at issue in *Skin-*

*United States v. Nixon,* 418 U.S. 683, 699–700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).

Defendant represents that he seeks the requested documents "to support his constitutional challenge to AOL's search of his private emails. In particular, Mr. Green seeks the documents that confirm AOL acts in concert with law enforcement to facilitate criminal investigations into child pornography on the internet. These records of coordination and partnership between AOL and law enforcement are directly relevant to establishing that AOL's search of Mr. Green's private email was government action." (Oppo. at p. 3:7–8). Defendant's legal argument for suppression of the photographic images is that the search of his email constituted governmental action which required a search warrant. As an illegal search, Defendant concludes that all evidence obtained as a result of the search must be suppressed. *See United States v. Barajas–Avalos,* 377 F.3d 1040, 1054 (9th Cir.2004).[4]

Defendant argues that the prerequisites of *Nixon* are satisfied here because AOL is under a statutory mandate to report evidence of child pornography. Defendant contends that the two prong test adopted in *United States v. Reed,* 15 F.3d 928, 930–31 (9th Cir.1994), requires AOL to produce the requested documents because AOL acted as a government agent and/or acquiesced in the search of Defendant's email account. In *Reed,* a hotel manager believed that one of the guests was dealing drugs from his hotel room and notified the police of his suspicion. He requested that the police be dispatched to the hotel to protect him while he checked the room.

*ner* imposed mandatory and permissible employee drug testing on private railroads, the Supreme Court held that such drug testing implicated the Fourth Amendment. In the present case, the regulatory scheme does not impose any mandatory, or permissible, search requirement on internet service providers.

Two police officers accompanied the manager to the hotel room. To provide protection, one officer entered the room with the manager and the other stood outside the door. The manager discovered what he believed to be crack cocaine and other drug-related paraphernalia. He also searched the dresser and reported his findings to the police.

While acknowledging that private searches are not subject to the Fourth Amendment, the Ninth Circuit adopted a two-part test to determine whether the private party is acting as an agent of the government: "(1) whether the government knew of and acquiesced in the intrusive conduct; and (2) whether the party performing the search intended to assist law enforcement efforts or further his own ends." *Id.* at 931. In *Reed*, this two-part test was satisfied because the government knew of and participated in the search by protecting the hotel manager while he searched the room and the hotel manager intended, and did, inform the police of the search results.

 Here, in contrast to *Reed*, AOL has a program which it, and not the government, developed and implements to search the emails of its users. AOL uses this program to protect its own business and reputation and to protect the users of the AOL system. As set forth in the declaration of Don Colcolough, Director of Investigations and Cyber Security for AOL, AOL made a business decision to develop and utilize software "to identify threats to AOL's network, whether reputational or otherwise." (Colcolough Decl. ¶ 8). Further, AOL developed this software program and the "government did not direct AOL to create the program, request or suggest it be created, or assist in the process of developing" the program. *Id.* While the government generally knew that AOL, and other internet service providers, search emails for child pornography, there is no evidence (or argument) in the record to suggest that the government knew of or acquiesced in the search of Defendant's specific email account. Second, the declaration of Don Colcolough establishes that AOL searches the email accounts "to identify threats to AOL's network, whether reputational or otherwise." *Id.* There is no evidence suggesting that AOL's searches are intended to assist law enforcement, even though that may be an unintentional consequence of its conduct. Accordingly, on this evidentiary record, Defendant fails to make a sufficient showing that AOL acted as an agent of the government in searching his email account [5].

---

**5.** The court also concludes that *United States v. Walther* 652 F.2d 788 (9th Cir.1981) is not helpful to Defendant. There, an airline employee, who was a confidential informant and had been paid significant amounts of money for information provided to the DEA, opened an overnight case and discovered cocaine. The employee then reported the discovery to the DEA. The district court concluded that there was no legitimate business purpose in opening the case and that the employee's sole motivation was the expectation of financial award. In affirming the district court, the Ninth Circuit concluded that the government clearly acquiesced and encouraged the employee to search cases in expectation of a monetary reward. Under these circumstances, the employee was an instrument or agent of the government. The Ninth Circuit emphasized:

> the narrowness of [its] holding. It is dependent upon the trial court's finding of extensive contact between the [employee] and the DEA and its finding on [the employee's] motivation for opening the overnight case. The DEA either knew or should have known that [the employee] had acquiesced in that practice.... We merely hold that the government cannot knowingly acquiesce in and encourage directly or indirectly a private citizen to engage in activity which it is prohibited from pursuing where that citizen has no motivation other than the expectation of reward for his or her efforts.

The court also rejects Defendant's argument that the mere reporting of the discovery of child pornography by AOL to NCMEC implicates the Fourth Amendment. The only reported appellate decision which has come to the attention of this court addressing this precise issue concluded that the reporting requirement of 42 U.S.C. § 13032 (the current version of the reporting requirement is set forth in 18 U.S.C. § 2258A) does not implicate the Fourth Amendment. *United States v. Richardson,* 607 F.3d 357 (4th Cir.2010). In *Richardson,* AOL discovered pornographic images on the defendant's computer and reported the finding to NCMEC. NCMEC then, in turn, provided that information to government investigators who brought charges against Richardson. The defendant served AOL with a Rule 17 subpoena seeking the "production of documents that would establish an agency relationship between AOL and the Government with respect to the detection of AOL subscribers involved in child pornography." *Id.* at 360. The Fourth Circuit concluded that the mandatory reporting of the existence of child pornography to NCMEC, pursuant to an earlier version of 18 U.S.C. § 2258A, "did not effectively convert AOL into an agent of the Government for Fourth Amendment purposes." *Id.* at 367.

As posited by the court at oral argument, does California's statutory mandate for the reporting of suspected child or elder abuse, Cal.Penal Code §§ 11164 *et seq.,* transform mandated reporters such as medical personnel, teachers, clergy, and social workers into government agents for Fourth Amendment purposes? Is the psychotherapist who, in the course of treating a patient, discovers a threat of harm to an identifiable third party victim, a govern-

ment agent by virtue of complying with mandated statutory reporting? Cal.Penal Code § 11165.7(21). Defendant's logic would dictate affirmative responses to these questions notwithstanding his creative effort to resist such comparisons by emphasizing no "search" of the type AOL conducts is implicated in these hypothetical circumstances. But surely it would be foreseeable if such a mandated reporter were to conduct some due diligence or probing—or even follow any established industry-wide guidelines—to determine whether a threshold or putative suspicion were in fact serious enough to report. At that point, the hypothetical circumstances would comprise the functional equivalent of AOL's due diligence. In this area of the law where certain persons and entities are designated by law to report suspected or discovered wrongdoing in order to protect society's most vulnerable individuals, it seems too great a leap to designate such reporters agents of law enforcement in the absence of some purposeful and active assistance beyond mandated reporting.

As Defendant fails to identify a reasoned and supportable basis to establish that AOL's conduct, under the present circumstances, implicates the Fourth Amendment, Defendant fails to satisfy the *Nixon* prerequisite of relevancy to obtain Rule 17 discovery. In sum, the court grants AOL's motion to quash the Rule 17 subpoena.

**IT IS SO ORDERED.**

---

*Id.* at 793. Here, AOL was not acting as a paid informant but was motivated "to identify threats to AOL's network, whether reputation-

al or otherwise." (Colcolough Decl. ¶ 8). Accordingly, *Walther* is not helpful to Defendant.